<span style="color:red">CORRECTED</span>

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1197V
(not to be published)

| | |
|---|---|
| SHIRLEY R. MILLER, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: November 30, 2021 <br><br> Special Processing Unit (SPU); Attorney's Fees and Costs |

*Mari Colleen Bush*, Mari C. Bush, LLC, Boulder, CO, for Petitioner.

*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 14, 2019, Shirley Miller filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration as a result of a tetanus-diphtheria-acellular pertussis vaccine administered on October 22, 2017. (Petition at 1). On June 22, 2021, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 37).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated August 23, 2021 (ECF No. 43), requesting a total award of $42,395.52 (representing $41,295.10 in fees and $1,100.42 in costs). In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses.[3] (Id. at 3). Respondent reacted to the motion on August 23, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 44). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1.

---

[3] Included in Petitioner's Motion for Attorney Fees and Costs is the retainer agreement between Ms. Bush and Petitioner stating Petitioner will provide a deposit of $500.00 for "claim-associated costs". (ECF No. 45-1 at 2). Although (based on the response to General Order No. 9) it does not in fact appear that the Petitioner was so obligated to provide this deposit (since the sum is not claimed as an unreimbursed expense), counsel may not request this from Petitioner.

2

Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A. Hourly Rates

Petitioner requests compensation for attorney Mari C. Bush at the rate of $410 per hour for all time billed in 2018; $415 per hour for time billed in 2019; $433 per hour for time billed in 2020 and the rate of $455 per hour for time in 2021. (ECF No. 43-1 at 2, 5, 7 and 10). These rates require adjustment.

Ms. Bush has previously been awarded the rate of $400 per hour for time billed in 2018 and 2019. *See Tinoco. v Sec'y of Health & Human Servs.,* No. 16-0266V, 2019 WL 6125117, (Fed. Cl. Spec. Mstr. Aug 29, 2019). For time billed through 2021 and 2021 Ms. Bush was awarded the rate of $410 per hour. *See Cooley v. Sec'y of Health & Human Servs.,* No. 17-1556V, 2021 WL 4272592, (Fed. Cl. Spec. Mstr. Aug 17, 2021). I agree with the reasoning of the previous special masters in adopting these rates, and therefore similarly reduce Ms. Bush's rates for all work performed. Application of the reduced rates results in a reduction of fees to be awarded by **$2,552.10**.[4]

### B. Paralegal Tasks at Attorney Rates

Fees to be awarded in this case must also be reduced to account for work billed for paralegal tasks. Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs*., No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs*., No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs*., 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs*., No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

---

[4] This amount consists of ($410 - $400 = $10 x 9.1 hrs = $91) + ($415 - $400 = $15 x 36.2 = $543.00) + ($433 - $410 = $23 x 15.7 hrs = $361.10) + ($455 - $410 = $45 x 34.6 hrs = $1,557.00) = $2,552.10.

Ms. Bush billed 16.50 hours on tasks that are more properly characterized as paralegal tasks, including requesting medical records and filing documents. Examples of these (which are not an exhaustive list) include the following:

- October 31, 2018 (0.6 hrs) "Prepare authorizations for medical and related records";

- January 17, 2019 (0.30 hrs) "Send client updated releases and authorizations";

- May 20, 2019 (1.0 hrs) "Correspondence to health care providers and pay invoices";

- August 2, 2019 (1.10 hrs) "Organize exhibits";

- October 30, 2019 (1.0 hrs) "Prepare exhibit of pre-vaccination records for filing; file"; and

- August 20, 2021 (0.20 hrs) "File General Order #9."

(ECF No. 43-1 at 1 - 4 and 10).

I shall reduce Ms. Bush's rate for work performed on these tasks to $145 per hour, which is comparable to what a paralegal would receive. This further reduces the awardable attorney fees by **$3,080.00**.[5]

### C. Administrative Time

The filed billing records also reveal several instances in which work was performed on tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A few examples of these entries (which do not constitute an exhaustive list) include:

---

[5] This amount consists of the already reduced rates as follows: ($400 - $145 = $255 x 10 hrs = $2,550.00) + ($410 - $145 = $265 x 2 hrs = $530.00) = $3,080.00.

4

- August 4, 2019 (0.20 hrs) "Fax request for records";

- August 5, 2019 (1.20 hrs) "Scan Materials";

- August 9, 2019 (0.40 hrs) "Download/print client records";

- August 14, 2021 (0.30 hrs) "Mail to DHHS"; and

- June 14, 2021 (0.30 hrs) "PDF issues re stipulation."

(ECF No. 43-1 at 3, 9).

Given the foregoing, I will deny reimbursement for all such fees, reducing the amount to be awarded for attorney's fees by **$1,568.00**.[6]

## ATTORNEY COSTS

Petitioner requests $1,100.42 in overall costs. (ECF No. 43 at 3). This amount is comprised of obtaining medical records, copy charges, and the Court's filing fee. I have reviewed the requested costs and find the majority of them to be reasonable. However, Petitioner has only provided supporting documentation for costs totaling $1,083.68. (ECF No. 43-2). Because the requested amount of costs was not substantiated, I am required to reduce Petitioner's award. Total costs to be awarded are thus reduced by the sum of **$16.74**.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$35,178.68** (representing $34,095.00 in fees and $1,083.68 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Mari C. Bush, LLC. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[7]

---

[6] This amount consists of ($400 x 3.1 hrs = $1,240.00) + ($410 x 0.80 hrs = $328.00) = $1,568.00.

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

5

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
